IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES E.[1] § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> COMMISSIONER OF THE SOCIAL § <br> SECURITY ADMINISTRATION, § <br> § <br> Defendant. § | Case No. 3:18-cv-02282-M-BT |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed this civil action seeking judicial review of a final adverse decision by the Commissioner of the Social Security Administration (the "Agency"), pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the District Court should AFFIRM the Commissioner's decision.

### Background

Plaintiff alleges he is disabled due to a variety of impairments, including back and knee pain, obesity, and depression. Pl.'s Br. 2 (ECF No. 14). After his application for supplemental security income (SSI) was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

(ALJ). Administrative Record (A.R.) 97-102, 106-09, 115-19, 124-25 (ECF No. 11-1). That hearing occurred in Dallas, Texas, on May 16, 2017. A.R. 8, 36-69. Plaintiff appeared *pro se* at the hearing and testified. A.R. 11, 38. At the time of the hearing, Plaintiff was 35 years old. A.R. 21. He has less than a high school education and no past work experience. A.R. 16, 22, 44.

At step one of the five-step sequential evaluation,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 25, 2014—the date he protectively filed his application for SSI benefits. A.R. 13. At steps two and three, the ALJ determined that Plaintiff had the severe impairments of morbid obesity, degenerative disc disease of the lumbar spine, and degenerative joint disease; nonetheless, the ALJ found that Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. A.R. 13-16. At steps four and five, the ALJ found

---

[2] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

Plaintiff had the residual functional capacity (RFC) to perform a limited range of sedentary work and, relying on the testimony of a vocational expert (VE), determined that Plaintiff could work as a dowel inspector, a clock and watch assembler, and a lens inserter—jobs that exist in significant numbers in the national economy. A.R. 16-20, 22-23. Therefore, the ALJ found Plaintiff was not disabled and not entitled to SSI benefits. A.R. 22.

Plaintiff appealed the ALJ's decision to the Appeals Council, and the Council affirmed. A.R. 1-7, 161-69. Plaintiff then filed this action in federal district court in which he argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to fully develop the record after Plaintiff elected to proceed *pro se* at the administrative hearing. The issues have been fully briefed, and the matter is ripe for determination.

## Legal Standards

Judicial "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citation omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted); *see also Copeland*, 771 F.3d at 923

3

("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting *Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Cook v. Heckler*, 750 F.2d 391, 392-93 (5th Cir. 1985); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds that the Commissioner stated to support his decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

## Analysis

In a single ground for relief, Plaintiff argues that the Commissioner's decision must be reversed because the ALJ failed to obtain a valid waiver of his right representation and that failure resulted in an unfair administrative hearing and rendered the ALJ's findings of fact legally erroneous and not supported by substantial evidence.

A claimant has a statutory right to counsel at a Social Security hearing. 42 U.S.C. § 406; *see also Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. 1981) ("While hearings before the ALJ are not adversary in nature, a lawyer or other counsel may be of great service to claimants in administrative proceedings.") (citing *Richardson v. Perales*, 402 U.S. 389 (1971); *Goldberg v. Kelly*, 397 U.S. 254 (1970). The claimant may, however, waive this right if given sufficient information to enable

4

him to decide intelligently whether to retain counsel or proceed *pro se. Clark v. Schweiker*, 652 F.2d 399, 403–404 (5th Cir. 1981). "Sufficient information" generally includes explanations of the possibility of free counsel, a contingency agreement, and the limitation on attorney's fees awarded from past due benefits. *Id.*

Here, the ALJ advised Plaintiff of his right to be represented at the hearing in a November 17, 2016 letter acknowledging his request for an administrative hearing. A.R. 131-33. The letter contained a provision specifically advising Plaintiff:

> **Right to Representation**
>
> You may choose to have a representative help you. We will work with this person just as we would work with you. If you decide to have a representative, you should find one quickly so that person can start preparing your case.
>
> Most representatives charge a fee only if you receive benefits. Others may represent you for free. Usually, your representative may not charge a fee unless we approve it. We are enclosing a list of groups that can help you find a representative.

A.R. 132. The ALJ also included (1) a two-page form document (SSA Publication No. 05-10075), entitled "Your Right to Representation," that contained specific information explaining the various ways in which a representative could help Plaintiff with his social security claim, as well as information on what a representative can charge for his or her services, and a statement that the court can approve a reasonable fee which would usually not exceed 25 percent of past due

benefits, A.R. 135-36, and (2) a four-page notice that again advised Plaintiff of his right to have a representative help him with his claim, that some representatives may represent him form free, and a list of providers that he could contact to obtain free legal help, A.R. 137-40.

The formal written Notice of Hearing the ALJ sent to Plaintiff on February 27, 2017, reiterated the information regarding Plaintiff's right to be represented at the hearing:

> **If You Want Help With Your Appeal**
>
> You may choose to have a representative help you. We will work with this person just as we would work with you. If you decide to have a representative, you should find one quickly so that person can start preparing your case.
>
> Many representatives charge a fee. Some representatives charge a fee only if you receive benefits. Others may represent you for free. Usually, your representative may not charge a fee unless we approve it. If you get a representative, you or that person must notify us in writing.

A.R. 145-50. The ALJ also included another copy of the form document entitled "Your Right to Representation" (SSA Publication No. 05-10075) with the February 27, 2017 Notice of Hearing. A.R. 152-53.

When Plaintiff appeared at the hearing without an attorney, the ALJ noted this fact and inquired as to whether he had a representative. A.R. 38. The ALJ confirmed that Plaintiff knew he had the right to have a representative for the hearing and advised Plaintiff that "representatives generally don't charge a fee

6

unless [the claimant is] awarded benefits and then they take a percentage." A.R. 38. Plaintiff informed the ALJ that he had been previously represented by an attorney, but the attorney "sent [him] a piece of paper saying that they didn't want to take [Plaintiff's] case." A.R. 39. The ALJ informed Plaintiff that he had the choice to go forward with the hearing without an attorney or he could take some time to get another attorney. A.R. 39. Plaintiff responded that he "just want[ed] to go forward." A.R. 40. After acknowledging that Plaintiff's case had been pending for a long time, the ALJ accepted Plaintiff's decision to go forward without a representative. A.R. 40, 43.

This record establishes that Plaintiff's waiver of his right to counsel was knowing and voluntary. Plaintiff received multiple written notices of his right to representation prior to the hearing. The written notices are simple, direct, and easy to understand and clearly advise Plaintiff of, among other things, the possibility of free counsel, a contingency agreement, and the limitation on attorney's fees awarded from past due benefits. At the hearing, the ALJ again informed Plaintiff of his right to representation, including his right to a representative who would not charge a fee except if Plaintiff was awarded benefits. The ALJ probed whether Plaintiff wanted to proceed with the hearing or postpone the hearing to secure representation. Plaintiff knowingly and voluntarily waived his right to be represented at the hearing when he unambiguously advised the ALJ that he wanted "just . . . to go forward." *Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003) (per curiam) (concluding that written notices claimant received, along with the

ALJ's reminder at the hearing of claimant's right to counsel, sufficiently informed claimant of her right to an attorney); *Norden v. Barnhart*, 77 F. App'x 221, 223 (5th Cir. 2003) (claimant was not deprived of due process by any failure of ALJ to properly advise claimant of his right to counsel where claimant received pre-hearing written notification of his right to representation, was informed of his right to representation at the hearing, and knowingly and voluntarily waived that right); *Bagwell v. Astrue*, 2013 WL 363452, at *4 (N.D. Tex. Jan. 25, 2013) (finding claimant validly consented to proceed without representation where claimant received numerous written notices and ALJ discussed right to counsel with claimant at the beginning of the hearing); *Shelton v. Astrue*, 2008 WL 4809436, at *5 (N.D. Tex. Nov. 3, 2008) (concluding that claimant validly waived her right to counsel, even though ALJ did not orally notify her that she could retain an attorney through a contingency fee arrangement or that free legal services could be available, because she received this information in prehearing written notices and ALJ discussed the issue of right to counsel at the hearing). Contrary to Plaintiff's suggestion, the ALJ was not required to secure a written waiver of representation. *Hughes v. Colvin*, 2015 WL 4430965, at *6 (S.D. Miss. July 17, 2015) (holding ALJ's mere failure to obtain a written waiver of representation does not warrant relief). Accordingly, Plaintiff is entitled to a remand only if he can prove unfairness at the hearing or clear prejudice as a result of the absence of counsel. *Green v. Weinberger*, 500 F.2d 203, 205, n.2 (5th Cir. 1974).

Plaintiff attempts to satisfy this prejudice requirement by arguing the ALJ failed to fulfill his heightened duty to fully and fairly develop the record. The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). When, as here, a claimant is not represented by counsel, the ALJ owes a heightened duty to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Id.* (quoting *Kane v. Heckler*, 731 F.2d 1216, 1219-20 (5th Cir. 1984)) (citations and internal quotation marks omitted); *Sun v. Colvin*, 793 F.3d 502, 509 (5th Cir. 2015) (explaining that because hearings under the Social Security Act are non-adversarial, "[t]he hearing examiner has the duty, accentuated in the absence of counsel, to develop the facts fully and fairly and to probe conscientiously for all of the relevant information") (quoting *Ware v. Schweiker*, 651 F.2d 408, 414 (5th Cir. 1981)). A federal court will reverse the decision of an ALJ as not supported by substantial evidence if the claimant shows (1) that the ALJ failed to fulfill his duty to adequately develop the record, and (2) that the claimant was prejudiced thereby. *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012).

The Fifth Circuit has described the ALJ's duty as one of developing "all relevant facts." *Sun v. Colvin*, 793 F.3d at 509; *see also Castillo*, 325 F.3d at 552–53; *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (per curiam). Consistent with that description, the court often focuses on the ALJ's questioning of the claimant in order to determine whether the ALJ gathered the information necessary to make

9

a disability determination. *See, e.g., Brock*, 84 F.3d at 728 (finding that the ALJ satisfied his duty by "extensively question[ing] [the claimant] about his education, training, and past work history; about the circumstances of his injury; and about his daily routine, pain, and physical limitations" and by inviting the claimant to "add other relevant evidence to the record"); *Castillo*, 325 F.3d at 552–5 (finding that ALJ satisfied his duty where he "questioned [the claimant] and her husband regarding her age, education, ability to read and comprehend, past relevant work, impairments, vision problems, and medical testing and treatment, and gave both [the claimant] and her husband opportunities to add anything else to the record"). Here, the ALJ extensively questioned Plaintiff about his age and education, his past work history, the extent of his impairments, his physical and mental limitations, and his daily routine. A.R. 44-64. And after the hearing, the ALJ obtained additional medical evidence and submitted it into the administrative record, including additional records from Parkland hospital, MRIs of Plaintiff's left knee and lumbar spine, an electromyogram and nerve conduction study, and medical records from various treating physicians. A.R. 616-33, 651-63, 664-65. By extensively questioning Plaintiff at the administrative hearing and supplementing the record with additional medical evidence, the ALJ satisfied his heightened duty to adequately develop the record.

Even if the ALJ had fallen short in fulfilling his duty, Plaintiff also has to show that he was prejudiced by the ALJ's alleged failure to fully develop the record. To establish prejudice, a claimant must show that he "could and would have

10

adduced evidence that might have altered the result." *Kane*, 731 F.2d at 1220. Plaintiff argues that, if he had been represented, his attorney would have requested a supplemental hearing to establish that Plaintiff's condition had worsened. However, the new evidence is cumulative of the evidence already included in the record and reinforces the ALJ's determination that Plaintiff suffered from the severe impairments of morbid obesity, degenerative disc disease of the lumbar spine, and degenerative joint disease. Plaintiff argues that, had he been represented by an attorney, the attorney would have scrutinized the evidence to determine whether his medical condition met Listing 1.02 for the inability to ambulate effectively. But the new evidence does not establish that Plaintiff meets all the criteria for Listing 1.02 because, as the Commissioner argues, it does not establish Plaintiff has insufficient lower extremity functioning that he cannot ambulate independently without the use of a hand-held assistive device that "limits the functioning of both upper extremities." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b)(1) (providing examples of ineffective ambulation to include "[t]he inability to walk without the use of a walker, two crutches or two canes; the inability to walk a block at a reasonable pace on rough or uneven surfaces; the inability to use standard public transportation; the inability to carry out routine ambulatory activities, such as shopping and banking; and the inability to climb a few steps at a reasonable pace with the use of a single hand rail"). While Plaintiff brought a cane with him to the hearing and testified that he needs the cane to get around, there is no evidence that Plaintiff requires two crutches or canes or

a walker to ambulate. *See* A.R. 50. Plaintiff also testified that, when he needs to go somewhere, he "hobbles" to bus stop and uses the bus, and that he can walk around Walmart for an hour if he takes breaks. A.R. 51-52.

To the extent the severe impairments found by the ALJ resulted in work-related limitations affecting Plaintiff's ability to stand and walk, the ALJ accounted for those limitations by finding Plaintiff's RFC is limited to sedentary work, with only occasional use of foot pedals, and the need for a cane to assist in ambulation. A.R. 16. Plaintiff points to no evidence that, had the ALJ developed the record further, would have demonstrated Plaintiff met any Listing, Plaintiff's RFC assessment should have included additional limitations, or that Plaintiff could not work as a dowel inspector, a clock and watch assembler, and a lens inserter. Plaintiff has thus failed to establish prejudice.

## Recommendation

After reviewing the hearing decision and the administrative record, the Court finds that the ALJ applied the proper legal standards and the Commissioner's decision is supported by substantial evidence on the record as a whole.  Therefore, the hearing decision should be AFFIRMED in all respects.

Signed September 11, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).